E. K. POLLARD *et al.* v. THE FIRST NATIONAL BANK OF NEWTON.

BANK — *Transfer to Avoid Taxation — Evidence — Finding.* Whether a resolution of the directors of a national bank made on the 28th day of February, declaring a dividend of $40,000, payable out of the surplus, to be placed to the credit of stockholders' account, and to remain as a deposit until otherwise ordered, is a mere subterfuge to avoid taxation on the 1st day of March following, or is made in good faith, is a question of fact to be determined by the trial court; and that court having heard the testimony of witnesses and made a finding in favor of the good faith of the transaction, and there being some evidence to support such finding, it will not be disturbed by this court.

*Error from Harvey District Court.*

ACTION by the *First National Bank of Newton*, Kas., against *Pollard*, to enjoin the collection of certain taxes levied against the plaintiff. At the February term, 1891, the injunction was granted. The facts appear in the opinion.

*C. S. Bowman*, county attorney, for plaintiffs in error.

*Ady, Peters & Nicholson*, for defendant in error.

Opinion by SIMPSON, C.: The following summary of the material facts is taken from the brief of counsel for plaintiffs in error, and is sufficient to present the controlling question in the case: Prior to February 28, 1889, the First National Bank of Newton, Kas., had a paid-up capital stock of $50,000, and an undivided surplus of $50,000, and on said February 28, 1889, the directors of said bank passed and adopted a resolution, which is in the words and figures following:

"OFFICE OF THE FIRST NATIONAL BANK,
NEWTON, KAS., February 28, 1889.

"At a meeting of the directors of the First National Bank held February 28, 1889, it was resolved that a dividend of forty thousand dollars ($40,000) be declared, payable out of surplus, and the same amount placed to credit of stockholders' account. Said stockholders' account to remain as a deposit in said bank unless otherwise ordered by the board of directors.

"The said $40,000 belongs to the several stockholders, as follows:

| | | | | |
|---|---|---|---|---|
| S. Lehman | $14,640 00 | owning | 183 | shares. |
| A. B. Gilbert | 10,000 00 | " | 125 | " |
| F. S. Steinkirchmer | 4,000 00 | " | 50 | " |
| B. Lombard, jr. | 5,000 00 | " | 70 | " |
| I. J. Cook | 1,840 00 | " | 23 | " |
| C. W. Goss | 1,520 00 | " | 19 | " |
| R. C. Loon (estate) | 1,680 00 | " | 21 | " |
| A. Entz | 320 00 | " | 4 | " |
| A. M. J. Winey | 400 00 | " | 5 | " |
| | $40,000 00 | | 500 | " |

"The above amounts belonging to the several stockholders are to be held as above directed.

"Attest: A. B. GILBERT, *Cashier and Secretary.*"

Thereupon, the cashier of said bank charged the surplus account on the books of said corporation as follows: "February 28, 1889, to stockholders' account, as per resolution of the directors, $40,000;" and then opened up a new account, designated "Stockholders' Account," and made the following entry therein and thereunder: "February 28, 1889, by surplus account, as per resolution of directors, $40,000." The capital, surplus and stockholders' account remained in this condition until March 8, 1890, and the officers of the bank

returned to the assessor for taxation for the year 1890, and as of the 1st day of March of said year, $50,000 of capital stock and $10,000 of undivided surplus or profits.    Afterwards the board of county commissioners of Harvey county made and adopted a resolution and order in the words and figures following:

"NEWTON, KAS., July 11, 1890.

"The following order was made in the matter of assessment of the First National Bank of Newton, the bank waiving formal notice, and appearing by S. Lehman and A. B. Gilbert, its president and cashier, and the board, after hearing their statements and being fully advised, ordered and directed that there be added to the assessment list of said bank the sum of $13,335; or, if said bank should prefer to have the whole assessment made to its stockholders and furnish the county clerk a list of the names of the stockholders, and the amount of stock held by each, then said clerk shall assess $53 on each share, and the said clerk shall delay making such assessment for the period of five days, to give said bank an opportunity to test the validity of such increased assessment by injunction or otherwise.    And said clerk is directed to forthwith give said bank notice of this order."

Afterward the county clerk added said amount to the amount returned by the officers of said bank for taxation.    On February 26, 1891, the First National Bank brought an action in the district court of Harvey county against the plaintiffs in error, to restrain the collection of the taxes levied on the amount so added to the assessment list of said bank by the board of county commissioners, as aforesaid, which action was defended by the plaintiffs in error, and on the trial of said cause it was agreed, admitted and stated in open court that said bank made no objection on account of the fact of the capital of said bank being assessed as the property of said bank instead of as the property of the stockholders, and waived all objection to the assessment of such capital, surplus and profits direct to the bank instead of to its stockholders — but said bank contended only that the $40,000 added by the county commissioners for taxable purposes was not a part of the capital, surplus, or undivided profits of said bank, to be returned in any manner for taxable purposes.

The court below, after hearing the evidence offered by the respective parties and argument of the respective attorneys, found for said bank, and that said $40,000 was not undivided surplus or profits of said bank, and gave judgment enjoining and restraining the plaintiffs in error from collecting the taxes levied on said $40,000. The plaintiffs in error filed a motion for a new trial, which was overruled, and said cause is brought here for review.

The sole and only question involved is, was said $40,000, on March 1, 1890, a part of the undivided profits or surplus of said bank; or, in other words, should said $40,000 be considered in arriving at the value of the undivided profits and surplus of said bank for taxable purposes? The general finding of the trial court in favor of the defendant in error, and its order granting a perpetual injunction, resolves the question of fact in favor of the bank. The theory of the plaintiffs in error is, that the act of the bank in changing the $40,000 from one account to another did not in any manner withdraw said amount from the control of the officers of the bank, or place respective amounts of it within the control of individual stockholders, but that it was a subterfuge to avoid taxation. What the inducement was is a question of fact, as there is no doubt but the stockholders can legally control and dispose of the surplus. On this question of fact the trial court heard the witnesses, and its finding being supported by some evidence, it will not be disturbed by this court. Our duty is a plain one. We must recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.